# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| Thomas Hartley,<br>    Plaintiff,<br><br>v.<br><br>Ability Recovery Services, LLC and<br>Michael A. Conflitti, Jr.,<br>individually,<br>    Defendants. | Civil Action File No.:<br>3:16-cv-201-TCB<br><br>**COMPLAINT**<br>**WITH JURY TRIAL DEMAND** |

## PRELIMINARY STATEMENT

This action for damages is based on Defendants' frequent and unauthorized calls to Plaintiff's cellular telephone to collect a purported consumer debt. Plaintiff seeks monetary relief based on Defendants' violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-393, *et seq.*

## PARTIES

1.  Plaintiff, Thomas Hartley, is a natural person who resides in Carroll County, Georgia.

1

2. Defendant, Ability Recovery Services, LLC (hereinafter "Ability Recovery"), is a limited liability corporation formed under the laws of the State of Pennsylvania. Defendant may be served with process via its registered agent, Michael A. Conflitti, Jr., at 1 Montage Mountain Road, Moosic, Pennsylvania 18507-1777.

3. Defendant, Michael A. Conflitti, Jr. (hereinafter "Mr. Conflitti"), is a natural person who resides in Lackawanna County, Pennsylvania, and is the President of Ability Recovery Services, LLC. Michael A. Conflitti, Jr., may be served with process at 1 Montage Mountain Road, Moosic, Pennsylvania 18507-1777.

4. At all relevant times hereto, Defendants acted through their agents, employees, officers, members, directors, and/or representatives.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (holding federal district courts have federal question jurisdiction over TCPA claims). This Court's jurisdiction over the claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*,

likewise arises under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendants, pursuant to O.C.G.A. § 9-10-91(1), because, *inter alia*, Defendants frequently and routinely conduct business in the State of Georgia, including the conduct complained of herein.

7. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district. Pursuant to LR 3.1B(3), NDGa, venue is proper in the Atlanta Division because the conduct complained of herein occurred in Carroll County, which is in the Newnan Division.

## FACTUAL ALLEGATIONS

8. Plaintiff is the subscriber for the cellular telephone with the number 678-***-3449 (the "Cell Phone").

9. In or about July, 2015, Plaintiff began receiving calls on his Cell Phone from Defendants seeking to collect an alleged debt owed by a third party unknown to Plaintiff.

3

10. Defendants' calls to Plaintiff were made from phone number 570-207-1892.

11. The phone number set forth in Enumeration 10 above is utilized by or under the control of Defendants.

12. Since July, 2015, Plaintiff has received at least four (4) similar calls from Defendants.

13. On numerous occasions Plaintiff advised Defendants that they were calling a wrong number in their attempts to collect a debt.

14. Defendants knew or should have known that they were calling the wrong party in the calls identified above.

15. When Plaintiff answered calls from Defendants, he heard pauses and/or clicks and a delay at the beginning of the calls.

16. Upon information and belief, Defendants used an autodialer and/or predictive dialing equipment to make its calls to Plaintiff.

17. Plaintiff never provided consent for Defendants to call him on his Cell Phone.

18. To the extent Plaintiff provided consent for Defendants to call him on his Cell Phone, Plaintiff explicitly revoked that consent no later than July 7, 2015.

19. Subsequent to his revocation of consent, Plaintiff did not provide additional consent for Defendants to contact him.

20. Defendants' calls to Plaintiff had no emergency purpose.

21. Rather, Defendants advised Plaintiff that their calls were for the purpose of debt collection.

22. Plaintiff was unable to avoid or escape Defendants' repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

23. Once Defendants knew that Plaintiff did not wish to be called, there was no purpose for placing additional calls to his Cell Phone other than to annoy, abuse, or otherwise harass Plaintiff.

24. Plaintiff carries his Cell Phone on his person at most times to be accessible to his family, friends, and work-place. Calls from Defendants have interrupted and interfered with Plaintiff's daily life, and his interactions with family and friends, and coworkers.

## DAMAGES

25. Defendants' campaign of harassing phone calls has caused Plaintiff actual damages, including, but not limited to, (a) the consumption of "minutes" as contemplated in Plaintiff's cellular service resulting in Plaintiff paying for the calls initiated by Defendants, (b) depletion of Plaintiff's Cell Phone's battery life resulting in diminished preferred usage by Plaintiff, diminishing Plaintiff's ability to use it for its intended purpose, (c) emotional distress—including frustration and aggravation—in managing, caused by the persistent calls, and (d) expenses associated with seeking to enforce Defendants' compliance with the law.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227,** *et seq.*
**Ability Recovery Services, LLC**

26. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

27. Ability Recovery violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's Cell Phone, without permission or emergency purpose, and using an autodialer and/or predictive dialing equipment.

28. As a result of Ability Recovery's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

29. Ability Recovery knew that it did not have Plaintiff's consent to receive its calls at all. Its repeated calls were, therefore, knowing and/or willful violations of the TCPA.

30. Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Ability Recovery's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

## COUNT II

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227,** *et seq.*
**Michael A. Conflitti, Jr.**

31. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

32. Mr. Conflitti personally had direct, personal participation in, or personally authorized, the violations of the TCPA by Defendant Ability, as alleged in Count I.

33. Mr. Conflitti is therefore jointly and severally liable with Ability for the violations of the TCPA as alleged in Count I.

34. Mr. Conflitti's conduct was knowing and/or willful.

35. Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Mr. Conflitti's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

## COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*
### Ability Recovery Services, LLC

36. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

37. Ability Recovery markets itself as "a National Collection Agency." See, https://abilityrecoveryservices.com/about-ars/. Last visited November 28, 2016.

38. Ability Recovery is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

39. The calls initiated by Ability Recovery to Plaintiff were for the purpose of collecting a consumer debt alleged to be owed by a third-party.

40. Upon information and belief, Ability Recovery failed to meaningfully identify itself and the party for whom it was collecting in violation of 15 U.S.C. §§ 1692b1 and 1692d(6).

41. Ability Recovery's repeated calls to Plaintiff are a violation of 15 U.S.C. §§ 1692b(3) and 1692d and d(5).

42. The calls to Plaintiff were sufficiently frequent and persistent, and Ability Recovery's conduct was otherwise of such a nature as to justify an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

### COUNT IV

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692,** *et seq.*
**Michael A. Conflitti, Jr.**

43. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

44. Mr. Conflitti personally had direct, personal participation in, or personally authorized, the violations of the FDCPA by Defendant Ability, as alleged in Count III.

45. Mr. Conflitti is therefore jointly and severally liable with Ability for the violations of the FDCPA as alleged in Count III.

46. Mr. Conflitti's conduct was knowing and/or willful.

47. Mr. Conflitti's conduct was of such a nature as to justify an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

## COUNT V

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-393(a)
### Ability Recovery Services, LLC

48. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

49. O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

50. It was an unfair business practice for Ability Recovery to call Plaintiff's Cell Phone repeatedly, without consent when it knew or should have known that the number was not that of the third-party it was seeking.

51. It was an unfair business practice for Ability Recovery to repeatedly call Plaintiff's Cell Phone in an attempt to collect a debt allegedly owed by a third party.

52. It was an unfair business practice for Ability Recovery to continue to contact Plaintiff after he requested that Ability Recovery stop contacting him.

53. Ability Recovery's actions have interfered with Plaintiff's daily life in a manner that he did not invite, disclaimed, and could not reasonably escape.

54. As pled above, Plaintiff was harmed by Ability Recovery's unfair conduct.

55. Upon information and belief, Ability Recovery regularly uses repeated, unauthorized calls to consumers in its debt collection efforts.

56. Upon information and belief, repeated and unauthorized calls to consumers are Ability Recovery's *modus operandi* for debt collection and are done on a wide scale.

57. Ability Recovery's conduct amounts to an unfair business practice.

58. Ability Recovery's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

59. Ability Recovery does not maintain a place of business in Georgia and has no assets in Georgia thus relieving Plaintiff of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

60. As a result of Ability Recovery's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

61. Ability Recovery's actions were intentional, rendering it liable for a mandatory award of treble damages pursuant to O.C.G.A. § 10-1-399(c), and potential additional exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

62. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

63. Furthermore, because Ability Recovery has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

## COUNT VI

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-393(a)
### Michael A. Conflitti, Jr.

64. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

65. Mr. Conflitti is the President of Ability Recovery Services, LLC.

66. Mr. Conflitti personally had direct, personal participation in, or personally authorized, the violations of the GFBPA by Defendant Ability, as alleged in Count V.

67. Mr. Conflitti is therefore jointly and severally liable with Ability for the violations of the GFBPA as alleged in Count V.

68. Mr. Conflitti's actions were intentional, rendering it liable for a mandatory award of treble damages pursuant to O.C.G.A. § 10-1-399(c), and potential additional exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

69. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

70. Furthermore, because Mr. Conflitti has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

## **TRIAL BY JURY**

71. Plaintiff is entitled to and hereby requests a trial by jury.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for:

a.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

b.) Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.) Actual damages;

d.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

e.) Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k and O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

f.) Such other and further relief as may be just and proper.

Respectfully submitted, this 22nd day of December, 2016.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
Adam J. Klein

14

            Georgia Bar No.: 425032
            *aklein@mattberry.com*
            2751 Buford Highway, Suite 600
            Atlanta, GA 30324
            Ph. (404) 235-3334
            Fax (404) 235-3333

            *Plaintiff's Attorneys*